JERNBERG FORGINGS CO., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court Nos. 83–12–01790, 84–1–00150

Before RESTANI, *Judge.*

(Decided October 15, 1984)

*Dow, Lohes & Albertson (William Silverman, James M. McElfish, Jr., and John C. Jost)*, for plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *J. Kevin Horgan,* Civil Division, Department of Justice, for defendant.

RESTANI, *Judge:* This case presents a question of the proper time in which to seek review of a negative aspect of an affirmative administrative determination in light of the Federal Circuit's decision in *Bethlehem Steel* v. *United States,* Appeal No. 84-714 (Fed. Cir. August 27, 1984).

On April 29, 1983, plaintiffs filed a petition with the Department of Commerce ("Commerce") and the United States International Trade Commission ("ITC") seeking the imposition of countervailing duties upon Italian imports of forged undercarriage components pursuant to section 516A(a)(2) of the Tariff Act of 1930 ("Act"), as amended, 19 U.S.C. § 1516a(a)(2) (1982). In the petition plaintiffs and three other petitioners alleged that producers of the subject products in Italy benefited from numerous subsidies.

Finding the petition sufficient, Commerce initiated a countervailing duty investigation. 48 Fed. Reg. 23,288 (1983). On June 6, 1983, the ITC found a reasonable indication that imports of semifinished forged undercarriage links and rollers from Italy were materially injuring a United States industry but also found no reasonable indication that semifinished forged undercarriage segments, finished forged undercarriage links, rollers, rollers and segments, and forged undercarriage links and rollers were materially injuring a United States industry. 48 Fed. Reg. 28,564 (1983). On August 24, 1983, Commerce preliminarily determined that the sole producer of the subject products, Industria Meccanica e Stampaggio, S.p.d. ("I.M.E.S.") was receiving certain benefits constituting subsidies within the meaning of the Act. 48 Fed. Reg. 39,273 (1983). Commerce estimated the *ad valorem* amount of net subsidy at 1.02 percent. *Id.* A final countervailing duty determination was published November 16, 1983, in which the net subsidy was assessed at 1.37 percent on an *ad valorem* basis. 48 Fed. Reg. 52,111 (1983). On December 12, 1983, the ITC determined that United States industries were materially injured by the Italian products that were found by Commerce to have been subsidized. 48 Fed. Reg. 57,383 (1983).

On December 16, 1983, plaintiffs filed a summons in this court (Court No. 83-12-01790) seeking judicial review of the determinations published on December 12, 1983. Plaintiffs alleged that Commerce erred in ruling that a subsidy to I.M.E.S. in the form of a preferential export credit financing scheme was beyond the scope of Commerce's investigation. Plaintiffs then charged that Commerce incorrectly countervailed a preferential steel price subsidy at zero percent.

Precisely one month after Commerce published its final countervailing duty order on December 27, 1983, plaintiff filed a second action (Court No. 84-1-00150) in this court on January 27, 1983. The second complaint was substantially similar to the first com-

plaint. Both complaints made identical allegations and sought the same relief.

Plaintiff has moved to consolidate its two actions and defendant has moved to sever and dismiss the earlier action as untimely basing its reasoning on *Bethlehem Steel, supra.*

In *Bethlehem Steel,* the Court of Appeals held that an administrative finding that a certain program was not a subsidy, while other subsidies were found, was not a final negative determination but rather a negative aspect of an affirmative determination. As part of an affirmative determination the nonsubsidy finding was reviewable thirty days after the publication of the final countervailing duty order. Therefore, the court found that a complaint challenging such negative aspects was not filed later than permissible. *Bethlehem Steel, supra* at 6; 19 U.S.C. § 1516a(a)(2)(A)(ii) and § 1516a(a)(2)(B)(i). Although the *Bethlehem Steel* court did not foreclose early review of either nonsubsidy findings or of the valuation of subsidies, it did state that early review would be available only in cases where irreparable harm could occur before a final countervailing duty order issued. *Bethlehem Steel, supra* at 13. *See also Republic Steel Corp.* v. *United States,* 8 CIT 243, Slip Op. 84–115 (Oct. 12, 1984).

In the instant case plaintiffs do not allege even the slightest possibility of irreparable harm. Plaintiffs note that the earlier action was filed because of a confusion regarding the proper time to appeal. Neither the complaint nor any other pleading even speaks of possible harm.

Accordingly, the defendant's motion to dismiss the earlier complaint (Court No. 83–12–01790) is granted and therefore, plaintiffs' motion to consolidate is denied as moot.